IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

USDC- GREENBELT
'23 AUG 30 PM 12:19

TRAVIS TERRY,

    Petitioner,

v.

WARDEN FRANK BISHOP, *et al.*,

    Respondents.

Civil Action No.: 22-cv-0046-LKG

Dated: August 29, 2023

## MEMORANDUM OPINION

Self-represented Petitioner Travis Terry filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging his 2007 convictions in the Circuit Court for Baltimore County, Maryland[1] for first-degree murder, armed robbery, four counts of use of a handgun in a crime of violence, first-degree assault, and attempted murder. ECF No. 1.[2] On May 16, 2022, Respondents filed an Answer arguing that the Petition is time-barred under 28 U.S.C. § 2244(d). ECF No. 8. Terry responded. ECF Nos. 11, 12, 15.

There is no need for an evidentiary hearing. *See* Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts and Local Rule 105.6 (D. Md. 2023); *see also Fisher v. Lee*, 215 F. 3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. § 2254(e)(2)). For the reasons that follow, the Petition is dismissed, and a certificate of appealability shall not issue.

### I. BACKGROUND

On March 5, 2007, Terry was convicted by a jury of first-degree murder, armed robbery, four counts of use of a handgun in a crime of violence, first-degree assault, and

---

[1] Upon Terry's request his capital murder trial was transferred to the Circuit Court for Harford County, with the Honorable Kathleen G. Cox of the Circuit Court for Baltimore County presiding. ECF No. 8-1 at 18.

[2] Citations refer to the pagination assigned by the Court's Case Management and Electronic Case Files system.

1

attempted murder. ECF No. 8-1, at 3-7, 15. On March 14, 2007, the circuit court sentenced Terry to life without parole and a thirty-year consecutive term of confinement. *Id.* at 3-7. Terry noted an appeal to the Court of Special Appeals of Maryland (now known as the Appellate Court of Maryland) on April 2, 2007. *Id.* at 15.

The Court of Special Appeals of Maryland affirmed Terry's convictions by unreported opinion filed on March 13, 2009, with the mandate issuing on April 13, 2009. *Terry v. State*, No. 519, Sept. Term 2007 (Md. Ct. Spec. App. 2009); ECF No. 8-1 at 17-25. Terry did not seek further review by petition for certiorari in the Court of Appeals of Maryland (now known as the Supreme Court of Maryland). *See* ECF No. 4.

Terry did not file anything else regarding his criminal case until August 20, 2013, when he filed a petition for postconviction relief in state circuit court. ECF No. 8-1 at 15. Terry was represented by counsel in the postconviction proceedings. *Id.* The State filed an answer and on October 20, 2015, the circuit court held a hearing on Terry's petition. *Id.* at 16. On October 25, 2016, the postconviction court denied Terry's petition for postconviction relief, but granted him the right to file a belated motion to modify sentence. *Id.*

On November 18, 2016, Terry filed a counselled application for leave to appeal with the Court of Special Appeals. *Id.* at 16, 26-51. On December 19, 2016, he filed a motion for modification of sentence, which was denied on December 29, 2016. ECF No. 4 at 3; ECF No. 8-1 at 16.

The appellate court summarily denied the application for leave to appeal the denial of postconviction relief, with the mandate issuing on August 11, 2017. ECF No. 8-1 at 50-52. Terry moved to reopen his postconviction proceedings on August 5, 2021. *Id.* at 16. The request was denied on August 11, 2021. *Id.*

On December 29, 2021, Terry filed his Petition in this Court.[3] *See* ECF No. 1-2; *Houston v. Lack*, 487 U.S. 266, 276 (1988) (holding that a prisoner's submission is deemed to have been filed on the date it was deposited in the prison mailing system).

In his Court-directed Amended Petition, Terry asserts four grounds for habeas relief. ECF No. 4 at 5. First, he claims that he received ineffective assistance of trial counsel who

---

[3] It is unclear when Terry deposited his Petition in the prison's mailing system. However, because the envelope is marked as received by the mail facility at the prison on December 29, 2021, the Court shall consider that date as the filing date.

testified during his postconviction proceedings that they "made mistakes and committed errors" during his trial. *Id.* Second, Terry contends that he was denied the right to be confronted with witnesses against him when the "accuser who did not identify [Terry] as the perpetrator who committed the crime" and other testimony showed "she wasn't sure" and therefore there was reasonable doubt as to his guilt. *Id.* Third, Terry claims there was juror misconduct when a juror expressed her fears to other members of the jury after Terry spoke to her. *Id.* Lastly, Terry clams the trial judge engaged in misconduct when she failed to communicate that she had communications with the jurors outside the presence of counsel in violation of Md. Rule 4-326. *Id.*

## II.   DISCUSSION

The threshold issue in this case is the timeliness of the petition. Only if the Petition is timely may the Court reach the merits of Terry's claims.

A one-year statute of limitations applies to habeas petitions in non-capital cases for persons convicted in state court. *See* 28 U.S.C. § 2244(d)(1); *Wall v. Kholi*, 562 U.S. 545, 550 (2011). Section 2244(d)(1) provides that:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Pursuant to § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). The limitation period may also be subject to equitable tolling in appropriate cases. *Holland v. Florida*, 560 U.S. 631, 645 (2010); *Harris v. Hutchinson*, 209 F.3d 325, 329-30 (4th Cir. 2000).

Here, Terry's conviction became final for direct review purposes on April 28, 2009, or 15 days after the Court of Special Appeals issued its mandate, when the time for filing a petition for certiorari in the Court of Appeals of Maryland expired. *See* Md. Rule 8-302(a). The one-year federal limitations period expired on April 28, 2010, before Terry filed anything else. Indeed, Terry did not file his petition for postconviction relief until August 20, 2013, more than three years after the expiration of the one-year federal limitations period. As such, his federal habeas Petition is time-barred under 28 U.S.C. § 2244(d).

After being directed to state why his Petition should not be dismissed as time-barred, Terry asserts that he did not learn of his trial counsels' errors until October 20, 2015, when they testified regarding their errors at his postconviction hearing. ECF No. 11 at 1; ECF No. 12. He explains that during his postconviction hearing counsel admitted they provided ineffective assistance by: (1) failing to move to vacate the verdict or for a mistrial due to the trial judge's failure to disclose, until after the verdict, her contact with jurors who expressed fear of Terry; (2) failing to request voir dire of the jury after Terry spoke to a juror during a break in the proceedings; (3) arguing inconsistent theories of the case; (4) conceding in opening statements that Terry shot the victim, when the sole eyewitness would be unlikely to identify Terry as the shooter. ECF No. 12 at 1. But, Terry is mistaken as to the accrual date of these claims. He is not entitled to a later date for calculating the statute of limitation under § 2244(d)(1)(D) based on the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. While Terry's attorneys admitted during his postconviction hearing that they erred, the errors occurred during trial, while Terry was present, and thus the factual predicates of these claims were discoverable by Terry at that time.

Terry also claims that the one-year statute of limitations does not apply because his case was a capital case (ECF No. 4 at 5) and his "untimely petition must not be denied it

would bring more questions as to who or why does our constitutional rights actually protect. Is totally at the courts' discretion to grant relief...." ECF No. 11 at 3. He is mistaken.

To the extent Terry's assertions are claims that he is entitled to equitable tolling, he has not shown either that there was wrongful conduct by Respondents that prevented him from filing on time, or that there were "extraordinary circumstances" beyond his control that prevented timely filing of a petition. *Harris*, 209 F.3d at 330; *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc).

The application of equitable tolling must be "guarded and infrequent" and "reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris*, 209 F.3d at 330. Ignorance of the law is not a basis for equitable tolling. *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004). Thus, Terry's self-represented status does not excuse him from the requirements of § 2244(d).

Lastly, Terry states that he has a credible claim of actual innocence. ECF No. 11 at 1. In seeming support of this claim, Terry states that the witness at his trial testified that she was not sure he was the perpetrator of the crime. ECF No. 11 at 2.

A federal habeas petitioner may assert a claim of actual innocence to overcome a procedural bar to review, *Schlup v. Delo*, 513 U.S. 298, 326 (1995), or to overcome the Antiterrorism and Effective Death Penalty Act's one-year statute of limitations ("gateway actual innocence"). *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). In order to present a credible gateway claim of actual innocence under *Schlup*, petitioners must present "new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence— that was not presented at trial." *Schlup* 513 U.S at 324. "A petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror acting reasonably would have voted to find him guilty beyond a reasonable doubt." *Id.* at 329. Here, Terry has provided no new evidence in support of his actual innocence claim but rather relies on evidence presented at trial, i.e., the testimony of the eyewitness, to support his claim of actual innocence. Terry has failed to demonstrate that he meets the extraordinarily high threshold for overcoming the procedural bar to review and his Petition must be dismissed as time barred.

### III. CERTIFICATE OF APPEALABILITY

When a district court dismisses a habeas petition, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a petition is denied on procedural grounds, the petitioner must show that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *see Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Because Terry fails to satisfy this standard, the Court declines to issue a certificate of appealability. Terry may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003).

### IV. CONCLUSION

For the foregoing reasons, the Court will deny Terry's Petition for Writ of Habeas Corpus and decline to issue a Certificate of Appealability. A separate Order follows.

8-29-2023
Date

LYDIA KAY GRIGGSBY
United States District Judge